UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX WRIGHT<br><br>                          Plaintiff,<br><br>    -against-<br><br>NEW MODA, LLC<br><br>                          Defendant. | Civil Action No.: 17 CV 9737<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant New Moda, LLC ("Defendant"), by and through its attorneys, Olshan Frome Wolosky LLP, hereby answers the "Complaint for Trademark Infringement, Unfair Competition and Related Claims" ("Complaint") of Plaintiff Alex Wright ("Plaintiff") and alleges as follows:

## INTRODUCTION

On November 26, 2013, Freedom Limited Liability Company ("Freedom"), a French company formed and existing under the laws of France, filed a trademark application and received a French trademark registration for the [DEFEND PARIS logo] trademark. The application was filed on November 26, 2013, and issued registration No. 4050178 (the "French Trademark"). Freedom subsequently licensed the DEFEND PARIS trademark to New Moda, LLC, the Defendant herein.

After filing the French Trademark, Freedom decided to secure a United States trademark registration for the trademark depicted in the French Trademark. Therefore, on March 6, 2014, Freedom filed its trademark application with the United States Patent and Trademark Office ("USPTO") for clothing items, claiming a priority date of November 26, 2013. The trademark

4535874-2

application included the very same logo depicted in the French Trademark, namely:  . On November 10, 2015, the U.S. trademark application was published for opposition. After receiving no opposition, on January 26, 2016, the U.S. trademark was registered, as Registration No. 4,891,175 for the following goods "bottoms, headwear, hooded sweatshirts, shirts, sweaters, sweatshirts, t-shirts, and tops, all of the aforementioned products being of French origin or made in France" (the "Freedom Defend Paris Registration").

On December 4, 2013, Plaintiff Alex Wright filed an intent to use application with the USPTO for the word mark DEFEND PARIS. This application has not registered and is still suspended as the Freedom Defend Paris Registration and other Freedom Defend Paris applications that are still pending have been cited against Plaintiff's application.

Thereafter, on March 14, 2014, eight days after Freedom's trademark application for the Freedom Defend Paris Registration, Plaintiff filed a trademark application for the following logo;  . Interestingly, the design of Plaintiff's  logo is strikingly similar to the trademark registration obtained by Freedom in France in connection with its "Defend Paris" mark and design. While the word mark "Defend Brooklyn" was registered with the USPTO in October 2005, Plaintiff's  logo was not registered until October 7, 2014, as Registration No. 4,617,558, well after the Freedom Defend Paris Registration issued.

Notably, there are applications for registrations for numerous trademarks for the same and/or similar products with the "Defend" moniker, including "Defend Hawaii," "Defend West

Virginia," "Defend Ohio," "Defend New Orleans," "Defend NY," "Defend America," "Defend Tokyo," "Defend Japan," "Defend California," and even those with the name and accompanying firearm such as "Defend Buffalo" ![Defend Buffalo logo], and "Defend Detroit" ![Defend Detroit logo].

What is apparent from the chronology of trademark applications is that Freedom submitted its foreign registration (with name and imagery) for the ![Defend Paris logo] trademark and has priority in the trademark in the U.S. as the Freedom Defend Paris Registration date of priority predates the filing of Plaintiff's intent to use application for its suspended DEFEND PARIS application and was prior to Plaintiff's registration for its ![Defend Brooklyn logo] logo. Plaintiff's attempt to copy Defendant's imagery, and then claim trademark infringement must fail. The Court should deny Plaintiff the relief that its Complaint seeks.

## The Responses to the Numbered Paragraphs in the Complaint

### NATURE OF THE ACTION

1. Defendant denies the allegations in paragraph 1 of the Complaint. Defendant denies that Plaintiff owns or maintains the "design mark" or "signature design logo" which is the subject of this action. Defendant further denies that it is using Plaintiff's trademarks.

### JURISDICTION AND VENUE

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

4. Defendant admits that it transacts business in this district. Defendant lacks sufficient knowledge or information as to Plaintiff's residence, and therefore denies same. Except as so admitted, Defendant denies the remaining allegations in paragraph 4 of the Complaint.

## THE PARTIES

5. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore denies the allegations thereof.

6. Defendant admits the allegations of paragraph 6 of the Complaint.

## FACTS

7. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies the allegations thereof.

8. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies the allegations thereof.

9. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies the allegations thereof.

10. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies the allegations thereof.

11. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies the allegations thereof.

12. In answer to paragraph 12, Defendant admits that the Unites States Patent and Trademark Office website identifies David Reeves as the registrant, and Plaintiff as the "Last Listed Owner" of the trademark of the words "Defend Brooklyn", as a standard character mark, with no imagery, reflecting trademark number 3,004,096.

13. In answer to paragraph 13, Defendant admits that the Unites States Patent and Trademark Office website identifies a trademark filing on March 14, 2014 of [DEFEND BROOKLYN logo], and a registration date of October 7, 2014. Defendant further admits that the website further reflects the registrant as 3XN Limited Liability Company, and the "Last Listed Owner" as Alex Wright, and an assigned Registration No. as 4,617,558.

14. In answer to paragraph 14, Defendant admits that the United States Patent and Trademark Office website identifies a trademark filing on October 28, 2014, for the [DEFEND BROOKLYN shield logo] logo, and a registration date of June 16, 2015. Defendant further admits that the website further reflects the registrant as DFBK, LLC, and the "Last Listed Owner" as Alex Wright, and an assigned Registration No. as 4,755,821.

15. In answer to paragraph 15, Defendant admits that on December 4, 2013, Plaintiff, as applicant, filed an intent to use trademark application for "Defend Paris" as a standard character mark. Defendant further admits that the USPTO website further reflects the applicant as Alex Wright, and that the application never matured to registration and it is currently suspended.

16. Defendant admits that it sells products under the "Defend Paris" mark, which is depicted pursuant to its March 6, 2014 trademark application with the United States Patent and Trademark Office, the application of which reflected a priority date of November 26, 2013, based upon its French Trademark of November 2013. Except as so admitted, Defendant denies the remaining allegations in paragraph 16 of the Complaint.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

## FIRST "CAUSE OF ACTION"

## TRADEMARK INFRINGEMENT (15 USC §§ 1114-1116)

20. Paragraph 20 is an incorporation paragraph, and therefore Defendant incorporates its responses to paragraph 1 through 19, as if set forth in full.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

## SECOND "CAUSE OF ACTION"

## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 USC §1125(a))

22. Paragraph 22 is an incorporation paragraph, and therefore Defendant incorporates its responses to paragraph 1 through 21, as if set forth in full.

23. Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies the allegations thereof.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

## THIRD "CAUSE OF ACTION"

## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

27. Paragraph 27 is an incorporation paragraph, and therefore Defendant incorporates its responses to paragraph 1 through 26, as if set forth in full.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint and notes that Defendant does not use the "Defend Brooklyn" trademark.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

## FOURTH "CAUSE OF ACTION"

## UNJUST ENRICHMENT

32. Paragraph 32 is an incorporation paragraph, and therefore Defendant incorporates its responses to paragraph 1 through 31, as if set forth in full.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

35. The Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

36. Plaintiff is barred from seeking the relief requested in the Complaint because Defendant's licensor has prior rights in the [DEFEND PARIS logo] trademark.

### **THIRD AFFIRMATIVE DEFENSE**

37. Plaintiff is barred from seeking the relief requested in the Complaint by virtue of the lack of confusion between the marks at issue.

### **FOURTH AFFIRMATIVE DEFENSE**

38. Plaintiff is barred from any recovery under the Complaint because Plaintiff's own wrongful conduct was the sole and proximate cause of Plaintiff's alleged damages.

### **FIFTH AFFIRMATIVE DEFENSE**

39. Plaintiff's claims are barred because of license.

### **SIXTH AFFIRMATIVE DEFENSE**

40. Defendant reserves the right to rely on any additional defenses to the Complaint that become available or apparent during discovery proceedings in this action, and respectfully reserves the right to amend this Answer for the purpose of asserting such defenses.

### **SEVENTH AFFIRMATIVE DEFENSE**

41. Plaintiff's action is barred based upon the doctrine of estoppel.

### **EIGHTH AFFIRMATIVE DEFENSE**

42. Plaintiff's action is barred based upon the doctrine of waiver.

### **NINTH AFFIRMATIVE DEFENSE**

43. Plaintiff's action is barred based upon the doctrine of laches.

### **TENTH AFFIRMATIVE DEFENSE**

44. Plaintiff is barred from seeking the relief requested on the grounds of fraud, bad faith and/or unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

45.     Plaintiff is barred from seeking the relief requested in the Complaint because Defendant's licensor maintains its own trademark registration for the  trademark.

## TWELFTH AFFIRMATIVE DEFENSE

46.     Plaintiff is barred from seeking the relief requested due to acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

47.     Plaintiff is barred from seeking the relief requested in the Complaint on the grounds of the innocent infringement defense.

## FOURTEENTH AFFIRMATIVE DEFENSE

48.     Plaintiff is barred from seeking the relief requested in the Complaint on the grounds that Defendant did not infringe upon Plaintiff's mark.

## FIFTEENTH AFFIRMATIVE DEFENSE

49.     Plaintiff is barred from seeking the relief requested in the Complaint on the grounds that its mark is invalid or unenforceable.

## SIXTEENTH AFFIRMATIVE DEFENSE

50.     Plaintiff is barred from seeking the relief requested in the Complaint due to indemnity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

51.     Plaintiff is barred from seeking the relief requested in the Complaint due to the fair use defense.

4535874-2

## EIGHTEENTH AFFIRMATIVE DEFENSE

52. Plaintiff is barred from seeking the relief requested in the Complaint as it has failed to mitigate its damages.

## PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

A. Dismissing the Complaint with prejudice;

B. That Plaintiff be directed to pay over to Defendant its costs, disbursements, and reasonable attorneys' fees and expenses incurred herein.

C. That Defendant have such other and further relief that the Court may deem just and proper.

Dated: March 7, 2018

OLSHAN FROME WOLOSKY LLP

By: */s/ Howard Smith*
Howard Smith
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

*Attorneys for Defendant New Moda, LLC*

## REQUEST FOR JURY TRIAL

Defendant hereby requests a trial by jury on all "causes of action" which permit a trial by jury.

Dated:  March 7, 2018

          OLSHAN FROME WOLOSKY LLP

By:  */s/ Howard Smith*
     Howard Smith
     1325 Avenue of the Americas
     New York, New York 10019
     (212) 451-2300

*Attorneys for Defendant New Moda, LLC*