# EXHIBIT A

## Brownell, Mari-Ann B.

| | |
|---|---|
| **From:** | Smith, Howard J. |
| **Sent:** | Tuesday, December 18, 2018 12:14 PM |
| **To:** | 'Alex Wright' |
| **Cc:** | Larry Ecoff |
| **Subject:** | RE: Activity in Case 1:17-cv-09737-JGK-SN Wright v. New Moda, L.L.C. Order |
| **Attachments:** | New Moda_ First Request for Production of Documents 7.31.18 (117653241_1....pdf |

See attached. Please advise asap if you have an attorney and when we will get the documents that you told me we would have by the end of last week.



This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to HJSmith@mdwcg.com , or by telephone at (212) 376-6494 and then delete the message and its attachments from your computer.

**From:** Alex Wright [mailto:askalex@mac.com]
**Sent:** Monday, December 17, 2018 4:49 PM
**To:** Smith, Howard J.
**Cc:** Larry Ecoff
**Subject:** Re: Activity in Case 1:17-cv-09737-JGK-SN Wright v. New Moda, L.L.C. Order

Please resend your discovery request. Since we didn't receive any by the initial Judges deadline I don't see it in my email request. Please forward your request and we will get them to you immediately.

Sent from my iPhone

On Dec 13, 2018, at 3:42 PM, Smith, Howard J. <HJSmith@MDWCG.com> wrote:

> Alex:
>
> Per our conversation yesterday, we look forward to hearing from your new counsel and getting your discovery responses this week.
>
> Also, we acknowledge receipt of three deposition notices from you. Please note that Mark Mechaly is no longer with defendant and thus we cannot produce him for a deposition. Also, we object to your noticed dates for defendant's depositions for the last week of this month considering we have yet to receive any discovery from you. In addition, the federal rules require that the deposition of Mr. Ohebsion, both individually and as corporate representative, take place in Los Angeles. Thus, we will make defendant

1

available for deposition in Los Angeles at a mutually agreeable date after we receive responses to our discovery.

Howard



This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to HJSmith@mdwcg.com , or by telephone at (212) 376-6494 and then delete the message and its attachments from your computer.

**From:** Alex Wright [mailto:askalex@mac.com]
**Sent:** Wednesday, December 12, 2018 3:09 PM
**To:** Smith, Howard J.
**Cc:** Larry Ecoff
**Subject:** Re: Activity in Case 1:17-cv-09737-JGK-SN Wright v. New Moda, L.L.C. Order

I am retaining a lawyer and we can speak on the phone later today. 917-577-2494



This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to HJSmith@mdwcg.com , or by telephone at (212) 376-6494 and then delete the message and its attachments from your computer.

On Dec 12, 2018, at 2:02 PM, Smith, Howard J. <HJSmith@MDWCG.com> wrote:

> Alex:

We have not received any response to my email below. Judge Netburn's rules require that the parties speak to see if they can resolve discovery disputes so please advise when you are free to speak by phone. Otherwise, we will have no choice but seek permission from the Court to make a motion to compel.

Howard



This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to HJSmith@mdwcg.com , or by telephone at (212) 376-6494 and then delete the message and its attachments from your computer.

**From:** Smith, Howard J. [mailto:HJSmith@MDWCG.com]
**Sent:** Monday, November 26, 2018 8:47 PM
**To:** Alex Wright
**Cc:** Larry Ecoff
**Subject:** FW: Activity in Case 1:17-cv-09737-JGK-SN Wright v. New Moda, L.L.C. Order

Alex:

Per the Court's order below, please advise if you have retained counsel per the Court's suggestion.

Also, we still have received no documents at all from you in response to our discovery requests despite having served them on you four months ago. As we are under a Court order to give a report on the status of this case by 1/04 and to complete all discovery by 1/21 (with no further extensions), we need to know your intention as soon as possible.

Howard



3

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to HJSmith@mdwcg.com , or by telephone at (212) 376-6494 and then delete the message and its attachments from your computer.

**From:** NYSD_ECF_Pool@nysd.uscourts.gov [mailto:NYSD_ECF_Pool@nysd.uscourts.gov]
**Sent:** Tuesday, October 23, 2018 11:55 AM
**To:** CourtMail@nysd.uscourts.gov
**Subject:** Activity in Case 1:17-cv-09737-JGK-SN Wright v. New Moda, L.L.C. Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Southern District of New York

### Notice of Electronic Filing

The following transaction was entered on 10/23/2018 at 11:54 AM EDT and filed on 10/23/2018

**Case Name:** Wright v. New Moda, L.L.C.
**Case Number:** 1:17-cv-09737-JGK-SN
**Filer:**
**Document Number:** 26

**Docket Text:**
**ORDER: As stated on the record at the discovery conference on October 22, 2018, the Court extends the discovery deadline until Monday, January 21, 2019. This deadline will not be further extended. The parties are directed to file a joint letter on Friday, January 4, 2019, updating the Court on the status of discovery. The letter should also include a proposed briefing schedule for any summary judgment motions. In addition, plaintiff is encouraged to locate counsel in the next 30 days. Both parties may engage in discovery during this time period. The parties may contact the Court should they believe further settlement discussions would be productive. (Discovery due by 1/21/2019.) (Signed by Magistrate Judge Sarah Netburn on 10/23/2018) (ras)**

**1:17-cv-09737-JGK-SN Notice has been electronically mailed to:**

Lawrence Ecoff     ecoff@ecofflaw.com, aguero@ecofflaw.com, campain@ecofflaw.com, marquez@ecofflaw.com, yoon@ecofflaw.com

Howard J. Smith, III     HJSmith@mdwcg.com

**1:17-cv-09737-JGK-SN Notice has been delivered by other means to:**

Alex Wright
193 Front Street
New York, NY 10038

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=10/23/2018] [FileNumber=21033626-0] [2f83d5300f9683a06139f666b950d293b323a9d74444190440238a008f90121ec91927db6f02607c6e9fa53103d881b212c1c4063aa92dd83b7406af5395fcde]]

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALEX B. WRIGHT,

                                      Plaintiff,        Case No. 17 CV 9737 JGK

        -against-

NEW MODA, LLC,

                                      Defendant.
------------------------------------------------------------x

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant New Moda, LLC, hereby requests that plaintiff Alex B. Wright produce and permit inspection, copying, testing, or sampling of the following items within thirty days, or as otherwise directed by the Court, at the offices of Marshall Denney Warner Coleman & Goggin, c/o Howard J. Smith, Esq., Wall Street Plaza, 88 Pine Street, New York, New York 10005.

### Definitions, Rules of Construction, and General Instructions

The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference without limitation.

1.     "Plaintiff" means Plaintiff Alex B. Wright, his agents, representatives, partners and any other person or entity acting on his behalf or subject to his control.

2.     "Defendant" means New Moda, LLC and its members, employees, agents, attorneys, parents, subsidiaries, affiliated corporations, and any other person or entity acting on its behalf or subject to its control.

3.     "Complaint" means the Complaint filed in this action.

1

4. "Answer" means the Answer to Complaint with Affirmative Defenses filed in this action at Dkt. 7.

5. "Mark" shall mean the trademark and intellectual property which is the subject of the Complaint.

6. The term "communications" shall mean all correspondence, emails, texts, memoranda, and/or any form of communication

7. The term "relating to" means referring to, pertaining to, concerning, or relating to the given subject matter.

8. These requests are intended to cover all documents in your possession or otherwise subject to your custody or control, regardless of the location of such documents, including those in the possession, custody, or control of your employees, agents, representatives, attorneys, advisors, or consultants.

9. If, in responding to these requests, you perceive any ambiguity in a particular request, definition, or instruction, your response should set forth the matter deemed ambiguous and the construction interpreted and used by you in responding.

10. If any document or portion thereof responsive to any request is withheld from production for any reason, including on the purported grounds of attorney-client privilege, work-product doctrine, or any other applicable privilege precluding compelled discovery, Local Civil Rule 26.2 requires you to identify the nature of the privilege which is being claimed and, if the privilege is governed by state law, to indicate the state's privilege rule being invoked. Additionally, you are required to provide a privilege log in accordance with Local Civil Rule 26.2 which requires that you set forth the following with respect to any purportedly privileged document: (i) the type of document, *e.g.*, letter or memorandum; (ii) the general subject matter

of the document; (iii) the date of the document; and (iv) the author of the document, the addressee of the document, and any other recipients and, where not apparent, the relationship of the author, addressees, and recipients to each other.

11. If any document or any portion thereof responsive to any request has been discarded, destroyed, altered, lost or redacted (collectively "altered/missing") in whole or in part, state: (i) the date the document was altered/missing; (ii) the circumstances under which the document became altered/missing; (iii) the identity of the person who rendered the document altered/missing; and (iv) where the document was stored prior to becoming altered/missing.

12. If you are unable to comply with any request in full, you shall comply with the request to the fullest extent possible and explain why full compliance is not possible. You must produce *in toto* all documents and things requested herein, notwithstanding the fact that portions of such documents and things may contain information not requested, and you must include interim as well as final versions or editions of each document, as well as any editions or copies of the documents that are not identical to the original (whether due to handwritten notations, revisions, or otherwise).

13. In producing documents, all documents that are physically attached to each other shall be produced in that form. Documents are to be produced in their entirety and without redaction. Documents that are segregated or separated from other documents, whether by inclusion in binders, files or sub-files, or by the use of dividers, tabs, or any other method, shall be produced in that form. In accordance with Rule 34(b)(2)(E)(i) of the Federal Rules of Civil Procedure, documents shall be produced in the order in which they are maintained in the usual course of business, or shall be organized and labeled to correspond to particular requests.

14. All documents originating in an electronic form are to be produced in their native

format or otherwise in a format compatible with standard litigation document-management database software (*e.g.*, Concordance, Relativity, etc.), with intact metadata fields, OCR images, and appropriate corresponding load files, all to be mutually agreed to by the parties. All documents should be preserved in their native format, and Defendant reserves its right to request that electronic documents be produced in their native format. Documents which exist in hard copy form only may be converted to electronic form and produced in the same manner as electronic documents as set forth above.

15. In these requests, references to any individual or entity include the individual or entity as well as any person or entity under the individual's or entity's control, including, but not limited to, all present and former subsidiaries, affiliates, predecessors, successors, officers, directors, agents, employees, shareholders, partnerships, general and limited partners thereof, and any aliases, code names, or trade or business names used by any of the foregoing.

## DOCUMENT REQUESTS

1. All documents concerning the purchase, receipt, assignment and any other documents relating to Plaintiff's ownership of the Mark.

2. All communications between Plaintiff and Defendant.

3. All documents relating to the marketing, promotion and use of the Mark by Plaintiff.

4. All documents relating to the protection and/or policing of the Mark, including copies of all cease and desist letters, lawsuits, claims, and demands.

5. All license agreements entered into between Plaintiff and any individual or entity relating to the use of the Mark.

6. All agreements between Plaintiff and any third party relating to the use and distribution of products utilizing the Mark.

7. All efforts by Plaintiff to protect, police or enforce the protection of the Mark.

8. All documents relating to the income received as a result of sales, licensing or use of the Mark, including without limitation all profit and loss statements, bank statements, accounting records, or materials relating to income received as a result of promotion and sale of goods utilizing the Mark.

9. All documents relating to costs and expenses incurred in connection with the use of the Mark.

10. All documents relating to the registration, or attempts to register, the Mark.

11. All documents relating to any attempts to register, or registration, of "Defend Paris" with the United States Patent and Trademark Office.

12. All communications with the United States Trademark Office relating to attempts to register the Mark.

13. All documents relating to the date when Plaintiff first became aware of Defendant's use of the phrase "Defend Paris".

14. All documents relating to Defendant's use of "Defend Paris," whether domestically or in other countries.

15. All communications with any third-party relating to claims of trademark infringement concerning the Mark.

16. All documents supporting the damages Plaintiff claims to have suffered.

17. All documents supporting the manner of calculating the damages Plaintiff claims to have suffered in the matter.

18. All other documents Plaintiff intends to use to support its claims or defenses in the action.

19. All documents Plaintiff intends to use at a hearing or trial in this proceeding.

Dated: New York, New York
July 31, 2018

By:     Marshall Dennehey Warner Coleman & Goggin

*[signature]*

Howard J. Smith, Esq.
88 Pine Street, 21st Floor
New York, New York 10005
(212) 376-6400

and

Lawrence C. Ecoff, Esq., *pro hac vice*
Ecoff Campain & Tilles, LLP
280 South Beverly Drive #504
Beverly Hills, CA 90212
(310) 887-1850
*Attorneys for Defendant, New Moda, LLC*

LEGAL/116807462.v1