USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/10/2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

**ALEX WRIGHT,**

                              **Plaintiff,**

                -against-

**NEW MODA, L.L.C.,**

                             **Defendant.**

------------------------------------------------------------------X

**17-CV-9737 (JGK)(SN)**

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

    Before the Court are three motions: (1) Plaintiff's motion for leave to amend his complaint; (2) Plaintiff's motion to compel Defendant to produce documents and answer interrogatories; and (3) Defendant's motion to compel Plaintiff to produce documents.

**BACKGROUND**

    Plaintiff, initially proceeding *pro se*, filed his complaint on December 12, 2017. ECF No. 1. He alleges that he is the registered owner of the "DEFEND BROOKLYN" trademark. Id., ¶¶ 12–14. Defendant infringed this trademark, Plaintiff claims, by selling clothing items bearing the mark, "DEFEND PARIS," with an allegedly similar design as "DEFEND BROOKLYN." Id. at ¶ 16.

    Discovery closed on September 28, 2018. ECF No. 16. Nevertheless, on October 22, Plaintiff requested leave to seek additional documents and depositions. ECF No. 25. The Court granted Plaintiff's request and extended the discovery deadline until January 21, 2019. ECF No. 26.

Despite the Court's extension, it does not appear that the parties engaged in any additional discovery during the following months. Then, on December 20, Defendant asserted that Plaintiff had not responded to Defendant's July 31 discovery requests. ECF No. 27. The Court held a conference on January 4, where an attorney appeared on behalf of Plaintiff. ECF No. 28. By January 11, the Court directed Plaintiff's counsel to file a notice of appearance; to serve Plaintiff's document production on Defendant; and to identify in writing any claimed deficiencies in Defendant's production. The Court also extended the discovery deadline until February 21, 2019, cautioning that no further extensions would be granted. ECF No. 29.

On January 17, Defendant stated that Plaintiff had "failed to do any of the tasks that the Court directed at the [January 4] conference." ECF No. 33. Following another conference on January 30, the Court once again extended the discovery deadline, this time until April 1, 2019. ECF No. 36.

On March 26 — three business days before the close of discovery — Plaintiff requested that the Court (1) compel Defendant to produce additional documents; (2) grant Plaintiff leave to file an amended complaint; and (3) extend the deadline (for a fourth time) to complete discovery. ECF No. 37. Defendant opposed Plaintiff's request and argued that, in addition, Plaintiff had failed to produce responsive documents. ECF No. 38. The Court issued an order regarding the parties' disputes on April 4. Given that Plaintiff had only recently obtained counsel, the Court granted a final extension of the discovery deadline until May 15. In addition, because the parties had not completed the meet-and-confer process, the Court directed the parties to file any discovery letters by April 12 and to attend a discovery conference on April 16. The Court also set a briefing schedule for Plaintiff's request for leave to file an amended complaint. ECF No. 39.

Despite not filing any discovery letters by the April 12 deadline, both parties raised discovery issues during the April 16 conference. The Court ordered that any motion to compel must be filed by April 22 and that any opposition must be filed by April 24. Both parties subsequently filed a motion to compel, but only Defendant filed a letter in opposition. The parties' motions are now ripe for review.

## DISCUSSION

I.   **Plaintiff's Motion to Amend his Complaint**

Plaintiff requests leave to join five additional defendants: (1) Defend Paris, a French corporation and the alleged alter ego of Defendant New Moda; (2) Sweet Charms, LLC, the manufacturer and distributor for Defend Paris; (3) Omar Ohebsian, an alleged co-owner of New Moda; (4) Mark Mechaly, another alleged co-owner of New Moda; and (5) Eran Haroni, an alleged co-owner of both New Moda and Defend Paris (collectively, the "Proposed Defendants."). ECF No. 43, at 1; ECF No. 43-1, Proposed Amended Complaint ("PAC"), ¶¶ 7–11. Plaintiff alleges that the Proposed Defendants used New Moda as a "shell corporation" to sell clothing items bearing the mark, "DEFEND PARIS." PAC ¶¶ 19–20, 24. On this basis, Plaintiff seeks to pierce New Moda's corporate veil and hold the Proposed Defendants liable for New Moda's alleged infringement. ECF No. 43, at 2, 4. Defendant disagrees, arguing that Defend Paris merely provided New Moda with a license to use the "DEFEND PARIS" brand. See ECF No. 7, Answer, at 1.

Where a proposed amendment adds new parties, the propriety of the amendment is governed by Rule 21 of the Federal Rules of Civil Procedure. Lawrence v. Starbucks Corp., No. 08-CV-3734 (LTS) (JCF), 2009 WL 4794247, at *2 (S.D.N.Y. Dec. 10, 2009) (citations omitted). Rule 21 provides that a party may be added "at any time, on just terms." Fed. R. Civ. P.

3

21. Because an answer has been filed, however, the "showing necessary under Rule 21 is the same as that required under Rule 15." Int'l Media Films, Inc. v. Lucas Entm't, Inc., No. 07-CV-1178 (JGK) (FM), 2008 WL 781823, at *1 (S.D.N.Y. Mar. 20, 2008) (citations omitted). Under Rule 15, a motion to amend may be denied for "good reason," including futility, bad faith, undue delay, or undue prejudice to the opposing party. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

In addition, amendments to join parties are also subject to Rule 16. Otegbade v. New York City Admin. for Children Servs., No. 12-CV-6298 (KPF), 2015 WL 851631, at *2 (S.D.N.Y. Feb. 27, 2015) (citing Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D. 142, 147 n.3 (S.D.N.Y. 2012)). Under that Rule, a scheduling order limiting the period to amend the pleadings may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Accordingly, despite the lenient standard of Rule 15(a), a court may deny leave to amend the pleadings where the deadline set in the scheduling order has passed, and the moving party has failed to establish good cause. Tardif v. City of New York, No. 13-CV-4056 (KMW), 2018 WL 5816870, at *3 (S.D.N.Y. Nov. 7, 2018) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)); see also Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 174–76 (S.D.N.Y. 2014). A finding of good cause depends on the diligence of the moving party. Kassner v. 2nd Avenue Delicatessen, Inc., 496 F.3d 229, 244 (2d Cir. 2007) (citing Parker, 204 F.3d at 340).

Here, the Court's Scheduling Order provided that no additional parties could be joined after May 25, 2018. ECF No. 16. Plaintiff was *pro se* at that stage of the litigation, however, and the parties did not begin to engage in meaningful discovery until after a settlement conference on July 18. ECF No. 22. As a result, it is unreasonable to expect Plaintiff to have amended his

complaint by the May 25 deadline. See Media Glow Digital, LLC v. Panasonic Corp. N.A., No. 16-CV-7907 (JKF) (HBP), 2018 WL 6444934, at *8 (S.D.N.Y. Dec. 10, 2018). Rather, Plaintiff must show that he moved with "satisfactory dispatch" once he learned the information that forms the basis of his amendment. See Khaled v. Borden Ave, No. 18-CV-5187 (PAE), 2019 WL 1894321, at *5 (S.D.N.Y. Apr. 29, 2019) (agreeing with other courts that moving to amend within two months of learning new facts is sufficient under Rule 16). Plaintiff has not made this showing.

According to Plaintiff, defense counsel recently represented that Defendant, despite continued sales, plans to file for bankruptcy. ECF No. 43, at 3. Finding this representation "odd," Plaintiff engaged in "discovery and further investigation" and determined that "New Moda is an alter ego for Defend Paris, and that Defend Paris's owners run and control New Moda." Id. But Plaintiff does not explain (1) what discovery led to this conclusion; (2) when that discovery took place; and (3) why Plaintiff waited until immediately before the discovery deadline to raise his findings with the Court. In this regard, Plaintiff's argument fails from the first step: because he does not discuss the factual basis for his amendment, he cannot show that he acted diligently once he acquired that information. Indeed, despite the Court's explicit discussion of Rule 16 in setting the briefing schedule, Plaintiff makes no attempt to demonstrate good cause. See ECF No. 39. Plaintiff's lack of relevant argument strongly cautions against granting his request.

In the final paragraph of his submission, Plaintiff asserts that the PAC contains "additional facts and exhibits" that support his motion. ECF No. 43, at 4. These allegations do not alter the Court's conclusion. Simply alleging facts relevant to piercing the corporate veil does not explain why those allegations could not been have raised earlier in the litigation. For example, although Plaintiff claims that Defend Paris has overlapping ownership with New Moda,

he does not assert that he was able to obtain this information only recently.[1] If anything, the evidence suggests that Plaintiff has long known about Defend Paris and its relationship with New Moda. See ECF No. 25, Plaintiff's Letter Motion, at 2 (stating in October 2018 that Defend Paris "copied Plaintiff's Defend Brooklyn brand" and that New Moda "manage[d] the infringing Defend Paris brand in the United States"). Thus, while relevant to a futility analysis, the allegations in the PAC do not show that Plaintiff acted diligently in seeking leave to amend.

Finally, in exercising its discretion under Rule 16, a district court may also consider whether the defendant would be prejudiced by the proposed amendment. Kassner, 496 F.3d at 244. That is the case here. The Court has extended the discovery deadline *four times*, making clear as early as *January 7* that no further extensions would be granted. Because Plaintiff has failed to establish good cause to modify the Scheduling Order — and because joining an additional five defendants would only further delay the resolution of this case — Plaintiff's motion for leave to file an amended complaint is DENIED. See Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008) ("In gauging prejudice, we consider, among other factors, whether an amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute.") (internal citations and quotation marks omitted).

## II. The Parties' Motions to Compel

Both parties filed a motion to compel. Only Defendant filed an opposition. The Court addresses these motions in turn.

---

[1] Plaintiff claims that Proposed Defendant Eran Haroni is both a "member" of New Moda and the chief executive officer of Defend Paris. PAC, ¶¶ 32–33. Plaintiff's support for this allegation — screenshots from LinkedIn and "buzzfile.com" — is not the type of information that would have been produced late in discovery.

### A. Governing Legal Principles

Under Rule 26 of the Federal Rules of Civil procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may serve on any other party a request to produce documents within the scope of Rule 26. Id. at 34(a). The responding party must produce documents sought in each request or state an objection to the request, including the reasons. Pegoraro v. Marrero, 281 F.R.D. 122, 132 (S.D.N.Y. 2012) (citing Fed R. Civ. P. 34(b)(2)). If the responding party fails to produce documents, the party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37(a)(3)(B).

If the responding party denies that it has possession, custody, or control of relevant documents, the discovering party must make an adequate showing to overcome this assertion. In re Reserve Fund Sec. & Derivitive Litig., No. 09-MDL-2011 (PGG), 2012 WL 12354219, at *5 (S.D.N.Y. Sept. 10, 2012); Menard v. Chrysler Grp. LLC, No. 14-CV-6325 (VB), 2015 WL 5472724, at *3 (S.D.N.Y. July 2, 2015) ("A party's good-faith averment that the items sought simply do not exist . . . should resolve the issue of failure of production."). In these cases, the discovering party must "cite to specific evidence to challenge [the nonmovant's] assertions that no additional responsive documents exist." Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 42 (S.D.N.Y. 2016).

### B. Plaintiff's Motion to Compel

#### 1. Document Demands

Plaintiff contends that Defendant failed to produce documents regarding its communications with Defend Paris. ECF No. 46, at 1. In support of this argument, Plaintiff

claims that Defendant "made no representation as to whether an electronic search was conducted." ECF No. 50, Declaration of Daryl Davis ("Davis Decl."), ¶ 5. But this is not true. In its opposition, Defendant states that (1) it has searched the electronic and paper files in its offices; and (2) it does not have in its possession any communications with Defend Paris. ECF No. 49, at 1–2. Plaintiff does not cite any specific evidence to challenge these assertions. Accordingly, his request is DENIED.

Plaintiff also contends that Defendant produced incomplete sales records. Davis Decl., at ¶ 4. In this instance, the evidence suggests that additional documents exist. Although Defendant did not produce any invoices from Jimmy Jazz, a screenshot from the retailer's website indicates that "DEFEND PARIS" apparel was previously available for purchase. Id., Exhibit C, at 1. For this reason, Defendant is ORDERED to search for and produce any documents regarding any sales it made to Jimmy Jazz for the "DEFEND PARIS" brand. To the extent this search uncovers additional sales documents, they must be produced.

Next, Plaintiff requests that Defendant be compelled to produce its purchases orders, sales tickets, invoices, and communications with retail customers. ECF No. 46, at 1. This request is DENIED. Defendant has already produced its sales records, see ECF No. 50-2, at 4, and it asserts that it does not possess any other responsive documents. ECF No. 39, at 1. This makes sense, as Defendant's sales agents did not use company email when conducting sales. Id. Without evidence that additional documents exist, the Court will not order Defendant to re-do its discovery efforts. Plaintiff's request is DENIED.

Lastly, Plaintiff argues that Defendant must produce its bank records, federal tax returns, and balance sheets, including inventory lists. ECF No. 46, at 2. As an initial matter, Defendant has already produced information regarding its product inventory. ECF No. 50-2, at 4. Because

Plaintiff does not explain why Defendant's production is insufficient, no further discovery is warranted. Regarding Defendant's bank records and tax returns, Plaintiff claims that he needs the information to "establish liability and to show/calculate damages." David Decl., at 2. Although a close call, the Court finds that Plaintiff has not met his burden under the Federal Rules.

Litigants must satisfy a heightened standard to obtain discovery of tax returns. Trilegiant Corp. v. Sitel Corp., 272 F.R.D. 360, 368 (S.D.N.Y. 2010). Specifically, tax returns may be ordered disclosed where (1) they are relevant to the subject matter of the action; and (2) there is a compelling need for their disclosure because the information is not otherwise readily obtainable. S.E.C. v. Garber, 990 F. Supp. 2d 462, 465 (S.D.N.Y. 2014). At a minimum, Plaintiff cannot establish the first element. To recover Defendant's profits, Plaintiff must show the sales that Defendant earned from selling goods bearing the "DEFEND PARIS" mark. See 15 U.S.C. § 1117(a).[2] Defendant's tax returns, however, will not contain a brand-by-brand breakdown of Defendant's sales. See Drywall Systems Int'l, Inc. v. Polyform, Inc., No. 04-CV-6230 (HO), 2005 WL 758257, at *2 (D. Or. Mar. 31, 2005) (denying discovery of financial statements and tax returns because they would not "contain evidence of sales of products sold using certain marks"). A better source of this information is Defendant's sales records, which have already been produced to Plaintiff. Accordingly, because Defendant's tax returns and bank statements do not contain brand-specific information, Plaintiff's request is DENIED. See Taylor v. Meirick, 712 F.2d 1112, 1122 (7th Cir. 1983) ("If General Motors were to steal your copyright and put it in a sales brochure, you could not just put a copy of General Motors' corporate income tax return in the record and rest your case for an award of infringer's profits.").

---

[2] Defendant, however, bears the burden of showing all costs and deductions, including any portion of sales that was not due to the allegedly infringing mark. See Rexall Sundown, Inc. v. Perrigo Co., 707 F. Supp. 2d 357, 359 (E.D.N.Y. 2010) (collecting cases).

### 2. Interrogatory Requests

Plaintiff requests that the Court compel Defendant to answer two interrogatories. First, Plaintiff argues that Defendant must identify its past and current owners. Davis Decl., at 2. This information, however, does not bear on Plaintiff's claims. To show trademark infringement, Plaintiff must establish that (1) he had a valid mark entitled to protection; and (2) Defendant used a similar mark in a way that would likely cause consumer confusion as to the origin of Defendant's goods. See Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., 689 F. Supp. 2d 585, 595 (S.D.N.Y. 2010) (citations omitted). Plaintiff does not explain how the identity of Defendant's owners will prove these elements. To the extent Plaintiff seeks this information to pierce Defendant's corporate veil, that argument is foreclosed by the Court's denial of Plaintiff's motion for leave to amend. Lacking additional argument from Plaintiff, the Court concludes that Defendant's ownership information is outside the scope of discovery.

Second, Plaintiff argues that Defendant must identify its employees and sales staff. ECF No. 46, at 1. Defendant contends that (1) it was unable to ascertain which sales agents sold the DEFEND PARIS brand; and (2) it cannot make any further inquiry because those agents are no longer employed by New Moda. This argument is persuasive. Accordingly, Plaintiff's request is DENIED.

### C. Defendant's Motion to Compel

Defendant seeks documents showing (1) any income that Plaintiff received from the sale of goods bearing the "DEFEND BROOKLYN" trademark; and (2) any advertising expenditures that Plaintiff incurred while promoting goods bearing the "DEFEND BROOKYLN" trademark. ECF No. 45, at 1. Because Defendant seeks relevant information that is proportional to the needs of the case, this request is GRANTED.

As mentioned above, Plaintiff must establish that Defendant's use of the "DEFEND PARIS" brand is likely to cause consumer confusion as to the origins of Defendant's goods. See Fendi Adele, 689 F. Supp. 2d at 595. In evaluating the likelihood of confusion, the Court will consider, among other things, the strength of the "DEFEND BROOKLYN" mark. JA Apparel Corp. v. Abboud, 682 F. Supp. 2d 294, 309 (S.D.N.Y. 2010). The strength of a mark turns on its distinctiveness — that is, "its tendency to identify the goods as coming from a particular source." LVL XIII Brands, Inc v. Louis Vuitton Malletier S.A., 209 F. Supp. 3d 612, 667 (S.D.N.Y. 2016) (citations omitted). In this regard, whether Plaintiff has sold or advertised a significant number of goods bearing his trademark is indirect evidence of the extent to which consumers associate the mark *with Plaintiff*. See, e.g., Morgan Group LLC v. John Doe Co., No. 10-CV-5225 (KMW) (HBP), 2012 WL 1098276, at *6–7 (S.D.N.Y. Mar. 31, 2012). Indeed, when evaluating whether a mark has achieved secondary meaning — an inquiry that closely mirrors the analysis of a mark's strength[3] — courts explicitly consider both sales success and advertising expenditures. Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc., 696 F.3d 206, 226 (2d Cir. 2012) (citations omitted).

Accordingly, Plaintiff is ORDERED to search for and produce any documents pertaining to (1) income that Plaintiff received as a result of the sale of goods utilizing the "DEFEND BROOKLYN" trademark, or the licensing of the "DEFEND BROOKLYN" trademark; and (2) advertising and promotional expenditures incurred in connection with the use of the "DEFEND BROOKLYN" trademark.

---

[3] See Alzheimer's Disease and Related Disorders Ass'n, Inc. v. Alzheimer's Found. of Am., Inc., 307 F. Supp. 3d 260, 289 (S.D.N.Y. 2018) ("[W]hen determining the commercial or marketplace strength of a mark, the courts look to the same kind of evidence of real world recognition of the mark as is used to decide the presence . . . of secondary meaning.") (quoting 2 McCarthy on Trademarks § 11:82 (5th ed.); LVL XIII Brands, 209 F. Supp. 3d at 667 ("In assessing [the strength of the mark], courts consider . . . the distinctiveness it has acquired in the marketplace, *i.e.*, [its] secondary meaning.").

## CONCLUSION

Plaintiff's motions for leave to file an amended complaint is DENIED; Plaintiff's motion to compel Defendant to produce documents and answer interrogatories is GRANTED in part and DENIED in part; and Defendant's motion to compel Plaintiff to produce documents is GRANTED.

The deadline to complete fact discovery is extended for the limited purpose of complying with this Order until Wednesday, May 22, 2019. The parties are directed to file a status letter by Monday, May 20, 2019. The letter should inform the Court whether any party anticipates conducting expert discovery, and if so, propose a reasonable schedule for doing so. If the parties do not anticipate conducting expert discovery, the deadline to file a pre-motion letter with the Honorable John G. Koeltl is Wednesday, June 5, 2019.

The Clerk of the Court is directed to terminate the motions at ECF Nos. 43, 45, 46, and 50.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     May 10, 2019
                New York, New York